CHARLES EDMUNDS *versus* SAMUEL WIGGIN.

To maintain an action for goods sold and delivered, the plaintiff must prove the contract of sale; the delivery of the goods, or such a disposition of them as will be equivalent to it; and their value.

If there be proof of the sale and delivery of goods, and no proof of payment, the presumption of the common law is, that they were sold on credit, or that the right to detain them for payment was waived.

When a jury have retired and have again come into Court without having agreed upon a verdict, the power of the presiding Judge is not limited by the Rev. Stat. c. 115, § 67, to the explanation of such questions of law only as should be voluntarily proposed by the jury.

EXCEPTIONS from the District Court, REDINGTON J. presiding.

Assumpsit on an account annexed to the writ, which was for one " red sleigh," under date of Nov. 24, 1840, charged at $36. The plaintiff, to make out the issue on his part, called one Sewall Gilbert as a witness, who testified, that sometime in the fall, probably in November, 1840, he and the defendant left Thomaston, where the latter resided, and proceeded together, in a horse wagon, to the town of Brooks; and the succeeding day they came to Belfast, on their way to Thomaston, and put up at the Phœnix House; there having been a fall of snow, the defendant stated to the witness, that he was going down to the plaintiff's shop to buy a sleigh, and went away and was absent about half an hour, when the defendant and the plaintiff returned, bringing with them a sleigh, into which they harnessed the defendant's horse, the plaintiff stating at the same time that he had sold the sleigh to "Sam," and the defendant that he had bought it; and thereupon the defendant and witness went off in the sleigh. The witness thought such a sleigh worth $26 or $27.

The defence relied on was, that the sleigh was purchased with money, and paid for at the shop of Edmunds, before the delivery at the Phœnix House, as testified to by Gilbert. The testimony of Gilbert being the only evidence in the case, the defendant moved the Court to direct a nonsuit, which the Judge declined to do; whereupon the cause was submitted to the jury, the defendant's counsel contending, that in the transaction, as testified to by the plaintiff's witness, the plaintiff stating that he had sold, and the defendant that he had bought, the presumption was, that the sale was a cash sale, and the purchase money paid at the plantiff's shop before the delivery of the sleigh at the Phœnix House, and that it was incumbent on the plaintiff, before he could prevail, to prove in some way, either negatively that the sleigh was not paid for at the time of purchase, or affirmatively that the sale was on credit, or that the usual course of dealing in the plaintiff's business was on a term of credit, which had expired before the commencement of this suit. But the Judge ruled otherwise, and instructed the jury, that from the facts proved, if they believed

the testimony, there was no legal presumption for or against the proposition of a cash sale, or for, or against a sale on credit; and that the rule of law, that where one party has proved his property into the hands and use of another, that other party is held to account or pay for the same, applies here ; and that the plaintiff, having proved the sleigh into the hands and use of the defendant, had gone far enough, and was entitled to their verdict, unless the evidence had satisfied them, that the defendant had paid for the sleigh; and that the burthen of proof here was on the part of the defendant.

Under these instructions, the jury, after having been in their room sometime, returned into Court and took their seats, the foreman declaring that they had not been able to agree, and that there was no prospect of their being able to agree. Whereupon the Judge again addressed the jury substantially as before, reciting the aforesaid rule of law, and instructing them that the same was sufficient for the plaintiff to entitle himself to their verdict, unless the defendant, on whom was the burthen of proof, had, from all the evidence in the case, satisfied them that the sleigh had been paid for. The jury returned a verdict for the plaintiff for the sum of $27,75; and the defendant filed exceptions to the several rulings and instructions of the presiding Judge.

*H. C. Lowell*, for the defendant, argued in support of the positions taken in defence at the trial, and contended that the rulings and instructions were erroneous. He cited Cushing's Pothier on Cont. of Sale, 205 ; Com. on Cont. (3d Am. Ed.) 205 ; 2 Kent, 492 ; Hill. on Sales, 3, 151 ; 7 Wend. 406 ; 6 Cowen, 110 ; 4 Greenl. 376 ; 3 Greenl. 97 ; 2 Greenl. 5 ; 6 Shepl. 436.

*Heath*, for the plaintiff, said that a presumption of law, was an inference from facts proved. There was no proof, that such articles were uniformly sold for cash, and the law will not make any such presumption. 3 Taunt. 274 ; Hill. on Sales, 9 ; 3 Wheat. 75 ; 3 B. & P. 585.

It being a matter of inference, it was rightly left to the jury. 17 Mass. R. 188 ; 1 Metc. 221.

The opinion of the Court was drawn up by .

SHEPLEY J. — The principal question presented by this bill of exceptions will be decided by ascertaining, what proof is necessary to maintain the action for goods sold and delivered. This appears to be determined, by the rules of evidence, to be proof of the contract of sale; of the delivery of the goods, or such a disposition of them, as will be equivalent to it; and of their value. 2 Stark. Ev. 874, Metc. Ed. The contract may be proved by testimony showing the terms of the agreement; the admission of the existence of the contract by the parties; or their acts affording satisfactory evidence, that one must have been made. Business is so transacted between man and man, that it frequently happens, that no proof, of what took place between them, when the contract was made, or when the goods were delivered, can be produced. When goods are not sold on credit, the seller may detain them, until the price is paid by the purchaser. If there be proof of a sale and delivery, and no proof of payment, the presumption of the common law is, that they were sold on credit, or that the right to detain them for payment was waived. Hence it is, that entries made in the handwriting of a deceased clerk or other person, of the delivery of goods, are considered as sufficient proof of a sale and delivery, without any evidence of what actually took place at the time. Pothier's treatise on the contract of sale is founded upon the civil law, which differs from the common law in some particulars, holding, that the right of property does not become vested in the purchaser by a sale and delivery without payment of the price, unless the goods were sold on credit. The language, which the witness states, that the parties in this case used at the time of the delivery, did not exhibit the terms of the contract of sale, but their admissions only, that such a contract had been made. From the use of that language payment would not necessarily be inferred, or the reverse of it. *Hathaway.* v. *Burr,* 8 Shepl. 567. And the case was left subject to the general rules of evidence applicable to the action for goods sold and delivered.

It appears, that the jury returned into Court, before they

had agreed upon a verdict; and that they were again instructed, what would be the conclusion of the law upon the facts submitted to them. It is contended, that this was erroneous. Such is believed to have been the settled practice in those judicial tribunals, in which the Judges have been accustomed to commit the cause to the jury by a statement of the law accompanied by a commentary in elucidation of the facts. The right to do so in this State is recognized by statute. That the words, "if proposed to him," contained in c. 115, § 67, were not designed to limit the power of the Judge to the explanation of such questions of law only, as should be voluntarily proposed by the jury, will be obvious, when it is considered, that a discretion is therein confided to him to restate any particular testimony and to send them out, before they have agreed, more than once; and that to enable him to exercise it properly he must make suitable inquiries respecting their difficulties, and thus become informed of any respecting the law as well as the facts. *Exceptions overruled.*